# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,　　　　)
　　　　　　　　　　　　　　)　　C.A. No.: 1806004163
　　　　v.　　　　　　　　　)
　　　　　　　　　　　　　　)
SHAHEED MATTHEWS,　　　　　)
　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　)

*Submitted:* December 4, 2024
*Decided:* December 23, 2024

## OPINION AND ORDER

*Defendant's Motions to Suppress and Motion to Exclude Testimony of Sgt. Reid*

## DENIED

*Joseph S. Grubb, Esquire and Stacey M. Coupe, Esquire*, Deputy Attorneys Delaware, Office of the Attorney General, Wilmington, Delaware, Attorneys for the State of Delaware.

*James J. Haley, Jr., Esquire*, Ferrara & Haley, Wilmington, Delaware, Attorney for Shaheed Matthews.

*Shaheed Matthews, Defendant.*

**Jones, J.**

On July 1, 2019, Shaheed Matthews ("Matthews" or "Defendant") was convicted by a jury of First-Degree Murder and Possession of a Firearm During the Commission of a Felony for the December 27, 2017 murder of Antione Terry.[1, 2] A separate and simultaneous bench trial was held for the charge of Possession of a Firearm by a Person Prohibited.[3] The presiding judge found Defendant guilty of this charge.[4] The Delaware Supreme Court affirmed Matthews conviction on his direct appeal.[5] Subsequently, Matthews filed a Rule 61 Motion for Post conviction relief. On January 3, 2023, Superior Court denied Defendant's Motion for Postconviction Relief.[6] The Superior Court found that the search warrant used to obtain the contents of Matthews cell phone was an unconstitutional general warrant (hereinafter "Warrant One"). Notwithstanding this finding, this Court found that the search of the phone was proper because the defendant had given his consent to search the phone. Defendant appealed this denial to the Delaware Supreme Court. The Delaware Supreme Court agreed that Warrant One was a general warrant but found that the Defendant did not give law enforcement consent to search the phone. The

---

[1] State's Response to Defendant's Motion to Suppress Cell Phone and Cell Phone Contents ("Response to Cell Phone") ¶2
[2] For a full description of the facts surrounding this case *see Matthews v. State*, 2020 WL 6557577 (Del. 2020) *and Matthews v. State*, 319 A.3d 891 (Del. 2024).
[3] *Id.*
[4] *Id.*
[5] *Matthews v. State*, 2020 WL 6557577 (Del. 2020).
[6] *State v. Matthews*, 2023 WL 21545 (Del. Super. Jan. 3, 2023).

Delaware Supreme Court granted Defendant's request for relief and ordered a new trial.

On October 22, 2024, the State presented a second new warrant to this Court for a search of the cell phone, and the warrant was granted (hereinafter "Warrant Two").

Defendant has filed five separate motions. One Motion seeks to suppress the evidence gathered as a result of Warrant Two. The second Motion seeks to suppress evidence received in response to a warrant for the "body of Shaheed Matthews." The third Motion seeks to suppress evidence pursuant to a search warrant of Defendant's home at 227 Parma Avenue. The fourth Motion seeks a ruling that the chief investigative police officer be excluded from testifying. The fifth Motion seeks to suppress the contents of two Apple iPhone seized pursuant to the search of a red Impala. This is the Court's decision on the four motions. For the reasons stated herein Matthews' Motions are DENIED.

## STANDARD OF REVIEW

On a motion to suppress, the burden of proof is on the State to show by a preponderance of the evidence that the contested evidence was not obtained as the product of an illegal search and seizure.[7]

---

[7] *State v. Barrett*, 2019 WL 5110126, at *2 (Del. Super. Oct. 11, 2019).

# CELL PHONE WARRANT

On the evening of December 28, 2017, Detective Smith and Sergeant Reid of the New Castle County Police Department ("NCCPD") went to Defendant's residence at 227 Parma Avenue.[8] Consequent to obtaining a warrant through Justice of the Peace Court 2 for "communication devices owned/possessed or used by Shaheed Matthews," Officers sought Defendant's cell phone.[9] Defendant stated the phone was not at that residence and left to go retrieve it.[10] Officers waited at the Parma Avenue residence until Defendant came back and handed over his cell phone.[11] Officers brought the cell phone back to NCCPD headquarters and waited for a search warrant to access the contents of the phone. The morning of December 29, 2017, Justice of the Peace Court 2 signed Warrant One for a "forensic examination for the digital contents of a silver Apple iPhone S, belong[ing] to Shaheed Matthews."[12]

On October 22, 2024, the State presented Warrant Two to this Court for a search of the cell phone, and the warrant was granted.

Defendant moves to suppress all evidence obtained from, and testimony pertaining to, the data extraction of his cell phone pursuant to the search warrant dated October 22, 2024.[13] Defendant argues the issuance of Warrant Two undermines the

---

[8] Response to Cell Phone ¶32.
[9] *Id.*
[10] *Id.*
[11] *Id.* at ¶33.
[12] *Id.* at ¶34. *See* Search Warrant for Apple iPhone S, dated December 29, 2017.
[13] *See* Defendant's Motion to Suppress Cell Phone and Cell Phone Contents ("Cell Phone Motion"). *See* Search Warrant for Apple iPhone S, dated October 22, 2024.

Delaware Supreme Court's decision that Warrant One was an unconstitutional general warrant.[14] Defendant further contends the independent source doctrine cannot be applicable to Warrant Two because the information utilized to obtain it had to come from the illegally seized cellphone.[15] Finally, Defendant suggests that his cell phone was illegally seized by police misconduct on December 28, 2017 because the warrant for his cell phone was not lawfully obtained until December 29, 2017, and, in addition, that the State "intentionally misrepresented" this information in the warrant application.[16]

The State argues in response that the independent source doctrine allows a valid warrant subsequent to an overly broad or general warrant so long as the information contained in the search warrant's affidavit came from a source independent from that in the initial invalid warrant.[17] Further, the State argues the doctrine is applicable to Warrant Two because the information contained in its affidavit came from a source independent from Warrant One's "taint."[18] The State contends Warrant Two satisfies the particularity and probable cause requirements.[19] Finally, the State emphasizes that Defendant's cell phone was not illegally seized by police misconduct at 227 Parma Avenue on October 28, 2017.[20]

---

[14] Cell Phone Motion ¶2.
[15] *Id.* at ¶12.
[16] *Id.* at ¶¶15-17.
[17] Response to Cell Phone ¶¶20-22
[18] *Id.* at ¶23.
[19] *Id.* at ¶¶27-29.
[20] *Id.* at ¶¶30-31, 36.

The Fourth Amendment of the United States Constitution and Article I, §6 of the Delaware Constitution shields an individual's right from unreasonable searches and seizures.[21] A search and seizure requires a warrant with probable cause because a warrantless search is per se unreasonable.[22] A search warrant has sufficient probable cause when, under the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place."[23] "An affidavit in support of a search warrant must, within the four-corners of the affidavit, set forth facts adequate for a judicial officer to form a reasonable belief that an offense has been committed and the property to be seized will be found in a particular place."[24] Cellphones are a unique situation and require particularity to the point that the search warrant "must describe what investigating officers believe will be found on electronic devices with as much specificity as possible under the circumstances."[25] A reviewing court gives "great deference" to the issuing magistrate's finding of a valid warrant supported by probable cause.[26] The duty of the reviewing court is "to ensure that the magistrate had a substantial basis for concluding that probable cause existed."[27]

---

[21] *Id.*

[22] *Hanna v. State*, 591 A.2d 158, 162 (1991).

[23] *State v. Blackwood,* 2020 WL 975465, at *2 (Del. Super. Feb. 27, 2020)(citing *Sisson v. State*, 903 A.2d 288, 296 (Del. 2006)).

[24] *Sisson*, 903 A.2d at 296; *See* 11 *Del. C.* § 2307(a), "The warrant shall designate the house, place, conveyance or person to be searched and shall describe the things or persons sought *as particularly as possible*." (emphasis added.)

[25] *Wheeler*, 135 A.3d 282, 304 (Del. 2016).

[26] *Blackwood*, 2020 WL 975465, at *2.

[27] *Sisson*, 903 A.2d at 296 (citing *Scott v. State*, 615 A.2d 532 (Del. 1992).

The independent source doctrine is an exception to the exclusionary rule that allows evidence to be admitted despite illegal investigatory activity, so long as the discovery of the evidence stems from a source independent of the illegality.[28] The purpose of this doctrine is to ensure officers are not "made worse off than [they] would have been had the misconduct not occurred" when officers are able to discover the challenged evidence from an independent source.[29] In determining applicability of the independent source doctrine, the Court must ask (1) "whether the police would have applied for a warrant without the material tainted by a warrantless search;" and (2) if "there was probable cause for the warrant to be issued?"[30]

All Delaware Superior Court cases addressing the instant issue support the proposition that a second warrant for a cellphone obtained after a general or overly broad warrant is valid if the information supporting probable cause was discovered independently from the prior general or overly broad warrant.[31] The first case to address this issue is *State. v Carter*.[32] In *Carter*, this court denied the defendant's motion to suppress and found the independent source doctrine applicable to the second warrant.[33] The Court found all information used by the affiant in obtaining the second search warrant was available to him "separate and apart from Warrant

---

[28] *State v. Carter*, 2022 WL 1561537 (Del. Super. May 17, 2022); *Norman v. State*, 976 A.2d. 843, 859 (Del. 2009).
[29] *Norman*, 976 A.2d at 859 (citing *Murray v. U.S.*, 533, 537, 539 (1988)).
[30] *United States v. Price*, 558 F.3d 270, 281 (3d. Cir. 2009).
[31] *State v. Carter*, 2022 WL 1561537 (Del. Super. May 17, 2022); *State v. Diamonte Taylor*, 2024 WL 1134119 (Del. Super. May 15, 2024).
[32] 2022 WL 1561537 (Del. Super. May 17, 2022).
[33] *Id.* at 6.

1."[34]  The second warrant fixed the mistakes of the overly broad initial warrant including "stat[ing] information [affiant] knew *prior to the execution of Warrant 1*, with greater particularity and seeks evidence from a more limited time period."[35]  In *Carter* this Court wrote:

> "Where it is shown that there has been a violation of a defendant's right to be free from illegal searches and seizures, the exclusionary rule acts as the remedy."  The rule requires that any evidence recovered or derived from an illegal search or seizure must be excluded from evidence in the absence of an independent source for or a situation allowing for the inevitable discovery of evidence.  The Delaware Supreme Court has recognized exceptions to the warrant requirement where 'official misconduct should not fatally taint evidence[.]'"  "Rather, 'taint may be purged and [t]he evidence may be admissible through one of the doctrinal exceptions to the exclusionary rule, such as the independent source doctrine [.]' "

> "The rationale behind the Court's power to exclude evidence that the police have unlawfully obtained is to deter police from violating constitutional and statutory protections."  "The Court will not reward bad behavior by putting the State in a better position than it would have been if the police had not engaged in illegal conduct."  "The corollary to this idea is that the State should not be put into a worse position 'simply because of some earlier police error or misconduct[.]'"  Courts have created "numerous exceptions to the exclusionary rule[,]" including the independent source doctrine.

> The independent source doctrine recognizes that "even if police engage in illegal investigatory activity, evidence will be admissible if it is discovered through a source independent of the

---

[34] *Id.*
[35] *Id.*

illegality." The United States Supreme Court described the independent source doctrine as follows:

> [T]he interest of society in deterring unlawful police conduct and the public interest in having juries receive all probative evidence of a crime are properly balanced by putting the police in the same, not a worse position that they would have been in if no police error or misconduct had occurred.... When the challenged evidence has an independent source, exclusion of such evidence would put the police in a worse position than they would have been in absent of any error or violation."

Based on this Court's own review of both warrants, the Court finds that the independent source doctrine is applicable on these facts. None of the evidence obtained by way of Warrant 1 was used by the police in their application for Warrant 2. While this Court is cognizant of Carter's frustrations that the State, in essence, gets to fix its errors, suppression of all evidence retrieved from Carter's iPhone(s) does nothing to further the purposes of the exclusionary rule.

As the Delaware Supreme Court has stated, "official misconduct should not fatally taint evidence[,]" and otherwise tainted evidence may still be admissible pursuant to an exception to the exclusionary rule, like the independent source doctrine. Additionally, the "prime purpose" of the exclusionary rule is to deter police from violating both constitutional and statutory protections afforded to individuals by the United States and Delaware constitutions. If this Court were to suppress all evidence obtained by way of the warrants at issue, the State would be put in a worse position than prior to the police misconduct. Such a decision would both run afoul of the prime purpose of the exclusionary rule and wholly disregard this Court and the United States Supreme Court decisions which stand for precisely the opposite proposition – that the State should not be

put into a worse position "simply because of some earlier police error or misconduct[.]"

Defendant cites no cases to the Court which stand for the proposition that a subsequent warrant obtained by the same information used to obtain a prior warrant invalidates the former. That is precisely what happened in this case. In fact, this Court recently addressed a similar issue in *State v. Blackwood*. In *Blackwood*, police obtained information from a forensic extraction of Defendant's cell phone pursuant to the Warrant. The Defendant argued that certain evidence should be suppressed because it fell outside the reasonable time period supported by probable cause in the warrant. This Court concluded that the evidence was admissible under the independent source doctrine, stating:

> Defendant has asked this Court to suppress Defendant's internet search history from June 17 to June 22, 2018, his cell site location information from June 16 to June 17, 2018, and a photograph of Defendant. the police obtained this information from the forensic extraction of Defendant's cell phone pursuant to the Warrant. However, separate and apart from the Warrant, Defendant's voluntary consent permitted the police to obtain all this information. Because Defendant's consent was voluntary and not causally connected to the Warrant, the three challenged items of evidence should not be suppressed.[36]

In *State v. Clark*, the Court held the second warrant was permissible because it was "separate and apart" from the initial warrant in two ways: (1) the information used by the detective in obtaining the second warrant was known by her before she

---

[36] *Carter*, 2022 WL 1561537, at *5-6.

obtained the initial warrant, and (2) the initial warrant did not give her any added information that aided in obtaining the second warrant.[37] The only adjustment between the two warrants was limiting the scope of the cellphone search based on case law issued after the initial warrant was obtained.[38] The Court held it is logical to conclude, under the independent source doctrine, that the exclusionary rule would allow a second, compliant warrant where the first warrant was found to be overly broad based on "new decisional law on the topic."[39]

*State v. Taylor* involves almost identical facts to the instant matter.[40] As in this case, the defendant in *Taylor* was convicted, and the Supreme Court reversed his conviction because the warrant issued for the cell phone was a general warrant lacking particularity and a limiting time period to the extent that the warrant allowed officers to search, uninhibited, through 11 years of the defendant's cell phone data.[41] Following remand to this Court, a second search warrant with particularized language as well as a limited time period was obtained. As in the instant case, the *Taylor* Trial Court was confronted with an argument that the State was not permitted to get a second warrant given the unconstitutional nature of the first warrant. The Superior Court held the evidence seized from this warrant was valid under the independent

---

[37] *Clark*, 2024 WL 4025008, at *5.
[38] *Id.* at *4.
[39] *Id.* at *5.
[40] The *Taylor* decision was ultimately withdrawn but this Court nonetheless finds it persuasive.
[41] *Taylor*, 2024 WL 1134119 at *6.

source doctrine.[42] The Court utilized Delaware Supreme Court precedent stating "taint may be purged and the evidence may be admissible through one of the doctrinal exceptions to the exclusionary rule [including] the independent source doctrine . . .,"[43] along with Delaware Superior Court case law,[44] to hold that the exclusionary rule does not require suppression to extend as far as a subsequent, independently sourced warrant.[45]

This Court finds *Carter* and it progeny controlling.[46] Similar to *Carter*, the State sought Warrant Two to access the contents of Defendant's cell phone because the Court held Warrant One was overly broad and lacking particularized probable cause required by recent case law ruling cell phone warrants allowing a "top-to-bottom search of any and all store[d] data" as unconstitutional general warrants.[47] As was the case in *Carter*, the State in its application for Warrant Two utilized information completely independent of evidence obtained from Warrant One and known prior to the execution of Warrant One to support probable cause in Warrant Two's affidavit. Therefore, cell phone data retrieved due to Warrant Two is admissible under the independent source doctrine.

---

[42] *Id.* at *9-10.
[43] *Id.* at *7 (quoting *Lopez-Vazquez v. State*, 956 A.2d 1280,1292 (Del. 2008)).
[44] *Id.* at *6-10 (citing *Thomas v. State*, 305 A.3d 683 (Del. 2023); *Carter*, 2022 WL 15611537; *Taylor v. State*, 260 A.3d 602 (Del. 2021); *Buckham*, 185 A.3d 1; *Wheeler*, 135 A.3d 282.**)**
[45] *Taylor*, 2024 WL 1134119 at *8.
[46] Cell Phone Motion ¶19.
[47] *Thomas*, 305 A.3d, at 700-01; *See also Taylor*, 260 A.3d 602; *Buckham*, 185 A.3d 1; *Wheeler*, 135 A.3d 282).

Defendant attempts to distinguish *Carter* on the basis that the defendant's phone in *Carter* was seized from a search incident to arrest, and, in this case, Defendant handed his cell phone to the officers pursuant to a search warrant. This distinction has no significance to the merits of this Motion.

As was the case in *Clark* and *Taylor*, Warrant Two adjusts Warrant One to be compliant with case law requiring more particularized language and a limiting time period for cell phone search warrants. Warrant Two utilizes information independent and without any basis from evidence obtained through Warrant One to make these adjustments. Thus, the independent source doctrine is still applicable to Warrant Two.

The Court finds that Warrant Two has sufficient particularity and probable cause. Warrant Two's affidavit connects the murder of Antione Terry with information contained in Defendant's phone including text messages and internet history.[48] The affidavit includes evidence that "Matthews was with Terry the night of his murder; Matthews was with Terry shortly before he was murdered; and Matthews told police when and how he learned of the murder."[49] The Court finds that this information lends itself to the fact that Defendant's cell phone could corroborate Defendant's perspective of the crime or further inculpatory evidence.[50]

---

[48] Response to Cell Phone ¶27.
[49] *Id.*
[50] *Id.*

Finally, as discussed below Defendant's argument that Warrant Two contains false statements lacks merit. The cell phone itself was obtained lawfully on December 28, 2017, pursuant to a search warrant for "communication devices owned/possessed or used by Shaheed Matthews" signed through Justice of the Peace Court 2 on December 28, 2017.[51]

## BODY SEARH

New Castle County Police Department obtained a search warrant on December 29, 2017 for "the body of Shaheed Matthews," ("Warrant"), which sought buccal swabs and/or blood sample for DNA, photographs, cell phones/electronic communication devices and any clothing potentially consistent with a hooded sweatshirt and dark colored/black sneakers.[52] On the same day, Officers carried out the search warrant and obtained photos, buccal swabs, black NIKE sneakers, and an H&M black or dark blue hooded jacket.[53] Officers utilized the clothing for Gunshot Residue testing, showing positive for presence of gunshot residue, as well as making a re-enactment video.[54]

Defendant moves to suppress photos of himself, DNA buccal swabs, lab results, and testimony related to "buccal swabs, clothing of Shaheed Matthews to

---

[51] *Id.* at ¶32.
[52] State's Response to Defendant's Motion to Suppress Body Search Warrant ("Response to Body Search") ¶1. *See* Search Warrant for the body of Shaheed Matthews, dated December 29, 2017.
[53] Response to Body Search ¶2. *See* Response to Body Search, Ex. A, Evidence Inventory Worksheet.
[54] *Id.* at ¶¶3-4.

14

include a H&M hooded jacket and black sneakers, along with any and all tests that have been done on or with the H&M hooded jacket and black sneakers, to include GSR test, video re-enactment as well as expert testimony and any other mention of this evidence by and through any potential state witness . . . which was obtained in an illegal search of the body of Shaheed Matthews . . ."[55] Defendant contends that several statements in the warrant affidavit pertaining to the search of Defendant's body were made knowingly and intentionally with falsity, or at least with a reckless disregard of the truth.[56] Defendant believes a Franks hearing[57] is necessary to determine the veracity of the affidavit for the Warrant.[58]

At issue are paragraphs 9, 12, 13, 14. These paragraphs provide:

> 9. Your affiant is also aware that a forensic examination of Shaheed Matthews' phone was conducted, pursuant to a search warrant through Justice of the Peace Court #02, which showed text messages between him and Antoine on the night of the homicide, 12/27/2017.

> 12. It should be noted that further video surveillance was retrieved from the area which shows the front of 227 Parma Avenue, just prior to the shooting at approximately 2239 hours. The video footage shows two individuals exiting 227 Parma Avenue and walking in the direction of 245 Parma Avenue. After walking a short distance, the two individuals appear to be standing in close proximity to one another, at which time a physical altercation seems to take place and the subjects exit the frame of the video.

---

[55] Defendant's Motion to Suppress Body Search Warrant ("Body Search Motion") p.1.
[56] *Id.* at p.4-5.
[57] *Franks v. Delaware*, 438 U.S. 154 (1978).
[58] *Id.*

15

13. This video surveillance contradicts the statements provided by Shaheed who reports that Antoine left by himself.

14. Upon further forensic evaluation of Shaheed's cell phone, a text message conversation was located between Shaheed and Devon on the morning of 12/28/27, the morning after the homicide, in which Devon states, "I love you sooooo much and I can't lose you", to which Shaheed replies, "Yu won't babe come to me as soon as yu get off", at which time Devon replies, "Changes have been made now. Okay". [59]

First, Defendant asserts that paragraph 12 was made with conscious falsity or reckless disregard for the truth. Defendant bases this assertion on the lack of video evidence that the individuals in the footage were in an altercation. Defendant relies on the affiant's trial testimony lacking mention of physical altercation as well as the Delaware Supreme Court's holding in *Matthews v. State* that the video does not "show with any certainty that two people were getting into a fight."[60] In addition, Defendant argues paragraph 13 is knowingly false because it relies on the video surveillance description in paragraph 12.[61]

Defendant contends paragraphs 9 and 14, related to the forensic examination of Defendant's cellphone, must be struck from the search warrant because they lack probable cause without the support of paragraphs 12 and 13. Additionally, Defendant

---

[59] Body Search Motion, Ex. A, Search Warrant for the Body of Shaheed Matthews, dated December 29, 2017, ¶ 12.
[60] Body Search Motion, Ex. B and C, Portion of the Affiant's Trial Testimony from Matthews' First Trial; *Matthews*, 319 A.3d at 906-07.
[61] Body Search Motion p. 5. *See* D.I. 156, Ex. A, ¶ 13 ("This video surveillance contradicts the statements provided by Shaheed who reports that Antione left by himself.")

16

argues without any of the paragraphs he seeks to be excluded the search warrant lacks any probable cause and should be found invalid.[62]

The State argues in response that a Franks hearing nor warrant suppression is appropriate because paragraph 12 is not false.[63] In addition, the State contends the search warrant does not lack probable cause even without the statements in paragraph 12.

A Franks hearing is required for the Court to evaluate the validity of a search warrant when a defendant can make a "substantial preliminary showing" that the affidavit contains a false statement made knowingly and intentionally, or with reckless disregard for the truth.[64] If the Court finds by a preponderance of the evidence that the statement is false, the statement will be struck from the search warrant.[65] If the search warrant lacks probable cause due to the stricken statement, then the entire search warrant is voided.[66] Otherwise, the search warrant remains valid.[67]

This Court finds that the December 29, 2017 warrant is supported by probable cause, with or without paragraph 12. There are numerous paragraphs within the affidavit indicating ample support for probable cause all pointing to Defendant's

---

[62] Body Search Motion p.5.
[63] Response to Body Search ¶ 13.
[64] *Franks v. Delaware*, 438 U.S. 154, 155-56.
[65] *Id.*
[66] *Id.* at 156.
[67] *Id.*

connection with the crime, including tracing Defendant's whereabouts with the victim, Defendant's text messages with the victim, Defendant's connection to 227 Parma Avenue, and video footage of two individuals leaving 227 Parma Avenue with one person chasing and shooting down the other at the victim's murder scene.[68] These statements considered under a totality of the circumstances indicate a fair probability that Defendant committed the crime. Thus, evidence the warrant seeks – photographs, DNA swabs, and clothing consistent with that of the surveillance description[69] – forms a nexus to the support in the affidavit.

This Court finds that the Defendant has failed to make a substantial preliminary showing of the falsity of paragraph 12 and makes conclusory allegations without factual support of the Officer's state of mind.[70] Defendant's reliance on the Officer's trial testimony that the two figures in the video were "just seen walking" as well as the Delaware Supreme Court's finding that the video "does not show [a physical altercation] with any certainty" is misleading.[71] The affiant's statement in paragraph 12, "at which time a physical altercation *seems* to take place," is interpretive in nature and has been considered so throughout the entire litigation process.[72] In fact, trial counsel agreed to defense counsel's objection to "any speculative or argumentative

---

[68] *See* Response to Body Search, ¶¶ 19-25.
[69] *Id.* at ¶ 27.
[70] *See* Response to Body Search.
[71] *Id.* at ¶¶ 33, 35.
[72] *Id.* at ¶¶ 30, 33-34.

testimony about the physical altercation," to avoid misleading the jury.[73] In addition, Defendant does not consider the Superior Court's interpretation of the video – "shows two people . . . get into a fight before continuing in the same direction."[74] This goes to show that the interpretations of this video, including that of the affiant, are opinion-based, and Defendant's argument lacks logical support that the affiant's statement was false or a misrepresentation.

Defendant has failed to make a substantial showing of a false statement in the affidavit made intentionally, knowingly, or with reckless disregard for the truth. Therefore, a Franks hearing is not necessary. Because this Court finds it unnecessary to hold a Franks hearing to remove paragraph 12 from the affidavit, there is no need to address Defendant's argument to remove paragraphs 9, 13, and 14.[75]

## SEACH OF 227 PALMA AVENUE

Police obtained a warrant to search Defendant's home at 227 Parma Avenue. Defendant has moved to suppress all evidence found in the home. The basis for the Motion is the same basis as Defendant's attack on the search warrant for his body. This Court's reasons for denying the search warrant for the person of Matthew's body apply equally to his request to suppress the evidence gathered at 227 Palma Avenue.

---

[73] *Id.* at ¶ 33.
[74] *State v. Matthews*, 2023 WL 21545 (Del. Super. Jane. 3, 2023).
[75] Body Search Motion, p. 5 ("[The Court] must also remove paragraph 13 as it is included based on the video surveillance described in paragraph 12. Paragraphs 9 and 14 speak to a forensic examination of Matthews phone pursuant to what was deemed an unconstitutional general warrant. These must be excluded as well.")

**MOTION TO EXCLUDE THE TESTIMONY OF SGT. REID**

Sgt. Reid of the NCCPD is the chief investigating officer for the instant case. Defendant has moved to exclude his testimony on the basis that the testimony is so inconsistent that it should be excluded under Rule of Evidence 403. Defendant contends its probable value is substantially outweighed by the danger of unfair prejudice, confuses the issues, and will be misleading for the jury. As a result of the first trial, the Court has the benefit of transcripts of Sgt. Reid's testimony. The Court has also reviewed all the statements of Reid which form the basis of the Defendant's Motion. In responding to this Motion, the State recognizes its duty not to knowingly offer testimony that it knows to be false. The testimony that has been directed to the Court's attention does not constitute perjury. The proper remedy to challenge the particular testimony relied on by the Defendant is not through exclusion of the evidence but by exploring the issues through cross examination to test the credibility of the witness. In short, this is not an admissibility issue but rather one of its weight, which is a jury determination.

**TWO PHONES SEIZED FROM RED IMPALA**

Defendant has moved to exclude any evidence received from two iPhones seized pursuant to a warrant authorizing the search of a red Chevy Impala. The State responded to the Motion maintaining that it shall not seek to enter any data from these two phones. Given the State's concession Defendant's Motion is DENIED as moot.

**CONCLUSION**

For the stated reasons, Defendant's three Motions to Suppress and the Motion to Exclude the testimony of Sgt. Reid are hereby **DENIED.**

**IT IS SO ORDERED**.

/s/ Francis J. Jones, Jr.
Francis J. Jones Jr., Judge

cc:     *Original to Prothonotary*
        Joseph S. Grubb, Deputy Attorney General
        Thomas J. Williams, Deputy Attorney General
        James Haley, Esquire
        Shaheed Matthews, Defendant